# IN THE COURT OF APPEALS OF IOWA

No. 21-0634
Filed March 30, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BEAU GRIES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.


        A criminal defendant challenges his drug conviction. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.


        Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**TABOR, Presiding Judge.**

A jury convicted Beau Gries of possessing methamphetamine with intent to deliver as a habitual offender, in violation of Iowa Code sections 124.401 and 902.8 (2020). On appeal, he challenges his conviction, arguing the State failed to prove the element of possession. Because sufficient evidence supports his conviction, we affirm.

We review sufficiency claims for errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We consider the evidence "in the light most favorable to the State," allowing for all reasonable inferences it will support. *Id.* If a rational jury could find guilt beyond a reasonable doubt, we affirm. *Id.* While we consider all evidence—exculpatory and inculpatory alike—we are mindful that the jury is "free to reject certain evidence, and credit other evidence." *Id.*

In his single-issue brief, Gries contends the State failed to prove either actual or constructive possession of methamphetamine.[1] Countering, the State argues it presented ample evidence to support both theories.

Actual possession is "direct physical control," shown when investigators find drugs on the suspect's person or the prosecutor offers substantial evidence that the drugs were on the suspect's person "at one time." *State v. Jones*, 967 N.W.2d 336, 341 (Iowa 2021). Constructive possession, on the other hand, is "knowledge of the presence of the controlled substance" and "the authority or right to maintain control of it." *State v. Reed*, 875 N.W.2d 693, 706 (Iowa 2016). It may be shown

---

[1] Gries does not contest the State's proof of his intent to deliver or that he was a habitual offender.

by indirect evidence, such as incriminating statements and actions, fingerprints, and proximity. *See State v. Kern*, 831 N.W.2d 149, 161 (Iowa 2013).

Gries insists his "mere proximity" to the backpack where police found the methamphetamine was inadequate proof of possession. But the State presented more than proximity evidence. The jury heard from Sioux City Police Officer Michael Simons, a veteran drug investigator and certified K-9 handler. Just before 11:00 p.m., dispatch sent Simons to check on a suspicious silver van parked in a neighborhood where someone claimed to have been "almost jumped" by two men. Simons found Gries in the driver's seat of that van and asked him what was going on. Gries said he was there to "collect a debt from somebody who owed his brother money." Shining his flashlight into the van, Simons could see several pocket knives. Exercising caution, Simons asked Gries to step out of the van. While reluctant, Gries did so. Simons could then see a long black club next to the driver's door. When Simons reached for the club, Gries grabbed the door, hitting the officer in the side of his face. Simons testified: "It was very obvious to me that Mr. Gries didn't want me near the van."[2]

So Simons decided to run his K-9, Aura, around the outside of the van. Aura gave a positive indication for drugs on the passenger side. On the passenger seat, Simons found a backpack. Inside that backpack, police discovered empty baggies, a digital scale, more pocket knives, a "loaded" syringe, and a black box containing four baggies of crystal methamphetamine.[3] Simons testified that those items

---

[2] The State offered proof that Gries was the registered owner of the van.
[3] Field tests showed the presence of methamphetamine. The state crime lab later confirmed those results.

suggested Gries was dealing drugs. Beyond dealing, the jury heard evidence that Gries was likely using methamphetamine as well. Simons believed that Gries appeared to be "under the influence" and that commonly "drug users deal drugs in order to support their habits."

Next, the jury heard about Gries's incriminating actions post-arrest. After being warned to not bring narcotics into a jail, Gries volunteered that he was carrying a baggie of methamphetamine in his wallet. And, once in jail, he called his mother and told her "he got picked up for drugs." His mother asked, "What did you have?" Gries responded: "Meth."

On this record, a rational jury could find that Gries was, at a minimum, in constructive possession of the methamphetamine in the backpack. *See State v. Maxwell*, 743 N.W.2d 185, 194–95 (Iowa 2008) (listing constructive-possession factors, such as ownership of vehicle where drugs were found, close proximity to drugs, and suspicious activity or statements by defendant). Aligned with those factors, the backpack was within Gries's immediate grasp on the passenger seat as he sat alone in the van registered in his name. Gries also exhibited "suspicious activity" during his interactions with Officer Simons. *See State v. Dewitt*, 811 N.W.2d 460, 476 (Iowa 2012) (noting defendant's resistance to officers' investigation was consistent with his guilt). What's more, after his arrest, Gries turned over methamphetamine from his wallet. And, finally, from jail he admitted to his mother that he had methamphetamine. All these factors support the jury's finding of constructive possession.

True, no forensic evidence tied Gries to the backpack. And, at some point, neighbors reported a second man had been at the scene. But viewing the

evidence in the light most favorable to the verdict, we see evidence sufficient to support the conviction.  *See Jones*, 967 N.W.2d at 339.

**AFFIRMED.**